**The document below is hereby signed.**

**Dated: May 16, 2012.**



/s/ S. Martin Teel, Jr.
_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                 UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA
```

In re                            )
                                 )
DENNIS E. GAMARRA,               )   Case No. 00-02270
                                 )   (Chapter 7)
          Debtor(s).             )   Not for Publication in
                                 )   West's Bankruptcy Reporter

### MEMORANDUM DECISION AND ORDER DENYING
### APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On March 26, 2012, Wells Fargo Bank, N.A., successor-in-interest to First Union Bank, filed an application for release of unclaimed funds in the amount of $258.39 (Dkt. No. 80). On March 21, 2002, the unclaimed dividend in question was deposited into the court's registry pursuant to 11 U.S.C. § 347(a),[1] and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042. Absent a showing by Wells Fargo Bank that the debt once payable to First Union Bank has not been previously satisfied, the court

---

[1] 11 U.S.C. § 347(a) provides, in relevant part:

> Ninety days after final distribution under section . . . 1326 of this title in a case under chapter 7, 12, or 13 of this title . . . the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.].

will not grant the relief sought.

The burden is on Wells Fargo Bank to demonstrate that it is entitled to the funds sought. *Hansen v. United States,* 340 F.2d 142, 144 (8th Cir. 1965). Although the record before the court demonstrates that First Union Bank was at one time entitled to the funds, Wells Fargo Bank, as First Union Bank's successor-in-interest, has not demonstrated a present entitlement, as required. *See* 28 U.S.C. § 2042;[2] *Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

The application does not indicate why the check went uncashed,[3] and although the funds were originally distributed by check made payable to First Union Bank pursuant to an allowed claim, the court is not willing to deem this satisfactory

---

[2] 28 U.S.C. § 2042 provides:

No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him. [Emphasis added.]

[3] In the space provided to explain why the funds went unclaimed, Wells Fargo's representative merely states "to the best of my knowledge, these funds have never been received."

evidence, standing alone, of Wells Fargo Bank's **present** entitlement to the funds.  *See Willametz*, 489 F.2d at 366.

If First Union Bank's claim that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that Wells Fargo Bank is no longer entitled, as successor-in-interest, to the funds.  *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).  For example, the debt may have been one as to which there was a co-debtor, and that co-debtor may have paid the debt.  Or the debt may have been secured by a lien on collateral, and may have been collected via enforcement of that lien.  Or, although unlikely, the debtor (who received a discharge) may have voluntarily paid the debt.[4]

Any overpayment that might result from payment of the unclaimed funds to Wells Fargo Bank is not simply a matter to be resolved by Wells Fargo and the debtor.  Instead, § 2042 requires that the court determine Wells Fargo's entitlement to the funds.  It is thus

---

[4] On its application, Wells Fargo Bank states that an account record was maintained but is unavailable, and points the court to documentation showing the line of acquisition between First Union Bank and Wells Fargo Bank, N.A.  In the space provided for Wells Fargo to explain how it can certify that the debt remains unpaid notwithstanding the lack of account records, Wells Fargo responds by stating "n/a."  Wells Fargo cannot meet its burden to show a present entitlement to the funds without first showing that the debt remains due.

ORDERED that Wells Fargo Bank's application for release of unclaimed funds (Dkt. No. 80) is DENIED without prejudice to the filing of an amended application demonstrating a present day entitlement to the funds.

[Signed and dated above.]


Copies to:

Wells Fargo Bank, N.A.
Attn: Cynthia A. Long, Agent
UP Recoveries
P.O. Box 3908
Portland, OR 97208